NO. 07-10-00263-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 12, 2010

_____

IN RE JAICOURRIE FINLEY, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, JaiCourrie Finley, has filed an "Application for Writ of Mandamus" requesting this Court order respondent, the Honorable Ana Estevez, Judge of the 251st District Court of Potter County, Texas, "to give consideration to and rule upon the applicant's pending petition for judicial review . . . ." We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus[2] filed in this court. Finley has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Finley does not list the names of the parties against whom he seeks mandamus relief apart from the identification of

---

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[2] While Finley has titled his document an "Application for Writ of Mandamus," we construe it to be a petition for writ of mandamus subject to the requirements of Rule 52.3.

Judge Estevez in the argument portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Finley's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Finley's petition includes no index of authorities.[3] Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Finley's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Finley's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Finley's argument is reasonably clear and concise, however, he makes no citations to legal authority. Rule 52.3(i) requires the petition include a short conclusion that "clearly states the nature of the relief sought." Finley's conclusion requests this Court to issue a writ of mandamus against Judge Estevez directing her "to give consideration to and rule upon the applicant's pending petition for judicial review . . . ." According to his petition for writ of mandamus, Finley indicates that the petition upon which he seeks the trial court's ruling relates to his "challenge" of "six administrative decisions – disciplinary actions – by the Texas Department of Criminal Justice . . . ." However, Finley provides no further information regarding the nature of the relief that he seeks. Rule 52.3(j)

---

[3] This omission is not surprising considering that Finley's petition makes no reference to any legal authority.

requires the person filing the petition to certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Finley did not certify his petition. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Finley has not included an appendix to his petition. As each of these items are required in a petition for writ of mandamus and Finley has failed to comply with these requirements, we may not grant the relief that he requests.

As Finley's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.


Mackey K. Hancock
Justice